**SIGNED this 7th day of May, 2014**

_____
Marcia Phillips Parsons
CHIEF UNITED STATES BANKRUPTCY JUDGE

_____

**[This opinion is not intended for publication as the precedential effect is deemed limited.]**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| In re<br><br>    DERREK WADE PUGH,<br><br>        Debtor. | No. 13-50870<br>Chapter 7 |
| MARIE V. WOLFE,<br><br>    Plaintiff,<br><br>vs.<br><br>DERREK WADE PUGH,<br><br>    Defendant. | Adv. Pro. No. 13-5030 |

### **M E M O R A N D U M**

APPEARANCES:

    Margaret B. Fugate, Esq.      Dean Greer, Esq.
    114 E. Market Street      Post Office Box 3708
    Johnson City, Tennessee 37604      Kingsport, Tennessee 37664
    *Attorney for Plaintiff*      *Attorney for Defendant*

**Marcia Phillips Parsons, Chief United States Bankruptcy Judge.**  In this adversary proceeding, plaintiff Marie V. Wolfe seeks a denial of the debtor's discharge pursuant to 11 U.S.C. § 727(a)(2)(A), (a)(3), (a)(5) and (a)(6)(A) and a determination that the debt owed to her by the debtor Derrek Wade Pugh is nondischargeable under 11 U.S.C. § 523(a)(6).  Presently before the court is the debtor's motion to dismiss the plaintiff's § 523(a)(6) cause of action for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Bankruptcy Procedure 7012(b).  Although not entirely clear, it appears that the plaintiff does not oppose the motion.  As discussed hereafter, the debtor's motion to dismiss will be granted.  This is a core proceeding.  *See* 28 U.S.C. § 157(b)(2)(I).

I.

On June 1, 2010, the plaintiff suffered serious bodily injury when she was attacked by a pit bull owned by the debtor.  The plaintiff subsequently sued the debtor in the South Carolina state courts, and on February 13, 2013, the Court of Common Pleas for the Ninth Judicial Circuit in Charleston, South Carolina entered a default judgment as to liability against the debtor.  A hearing to determine damages was stayed by the debtor's voluntary bankruptcy filing on May 10, 2013.

On August 23, 2013, the plaintiff commenced this adversary proceeding.  Specifically in support of her § 523(a)(6) nondischargeability ground, the plaintiff alleges the following:

> 15.  The [debtor] invited the plaintiff into his home and released his pit bull dog from a confined area.  Within minutes of the release, the animal maliciously and savagely tore at the face of the plaintiff and tore away a portion of her lips.
>
> 16.  In the civil complaint filed by the plaintiff against the [debtor] [in state court], she alleged that "the [debtor] was, negligent, grossly negligent, willful, wanton and reckless in his acts and mirrors [sic] which caused Plaintiff's injuries and damages, in the following particulars.
>
> > A.  In harboring and creating a dangerous and hazardous condition on [the debtor's] residence premises by the ownership of the 'pit bull' dog, by owning the animal and allowing invitees and Plaintiff to be exposed to the animal without protective measures or warnings to others;
> >
> > B.  In harboring and creating a dangerous and hazardous condition by the ownership of the dangerous 'pit bull' dog as contemplated by § 43-3-110 and in particular § 43-3-710;

  C. In failing to confine and secure the 'pit bull' dog as required in § 43-3-720[1] so as to prevent injury to others like Plaintiff.

  D. In failing to take protective measures or to warn and protect visitors and others who might be around the dangerous 'pit bull' dog even after the [debtor] knew of the dog's previous behavior which put [the debtor] on notice, or it would any reasonable person, of the 'pit bull' dog's dangerous and violent nature, and the likelihood of injuries to others."

In his motion to dismiss filed April 8, 2014, the debtor asserts that the plaintiff's complaint fails to state a claim for nondischargeability under § 523(a)(6) because there are no allegations that the plaintiff's injury was "willful and malicious" as required by that Bankruptcy Code section. In her response to the motion to dismiss, the plaintiff states that she did not have sufficient information to know whether the debtor's conduct was willful and malicious at the time that she filed the complaint. However, "[a]fter discovery, the Plaintiff does not believe that the conduct of the [debtor], although reckless and uncaring, did not rise to the level that he intended to injure the Plaintiff or knew that releasing his confined pit bull was substantially certain to result in the injuries to Plaintiff." Reading this statement as a whole, it appears that the plaintiff's inclusion of the second "not" was a clerical error, and that she is conceding that the debtor's conduct falls short of the "willful and malicious" standard required for a determination of nondischargeability under § 523(a)(6). Because of the slight ambiguity, however, and because the plaintiff has taken no action to withdraw her § 523(a)(6) claim or to amend her complaint in this regard, the court will briefly address the merits of the debtor's motion to dismiss.

II.

Federal Rule of Civil Procedure 12(b)(6), applicable in bankruptcy adversary proceedings through Federal Rule of Bankruptcy Procedure 7012, provides that complaints may be dismissed for "failure to state a claim on which relief can be granted." As stated by the Sixth Circuit:

---

[1] The plaintiff does not identify in the complaint her citations to "§ 43-3-110," "§ 43-3-710," and "§ 43-3-720." Presumably, they are references to statutory provisions of South Carolina law, since the plaintiff obtained her default judgment against the debtor in that state. However, the latter two citations do not exist under the South Carolina Code, and the former addresses reports of county directors of social services. *See* S.C. Code Ann. § 43-3-110. Moreover, these particular numbered provisions do not exist under the Tennessee Code.

> The moving party has the burden of proving that no claim exists. Although a complaint is to be liberally construed, it is still necessary that the complaint contain more than bare assertions or legal conclusions. *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). All factual allegations in the complaint must be presumed to be true, and reasonable inferences must be made in favor of the non-moving party. *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983); 2 Moore's Federal Practice § 12.34[1][b] (Matthew Bender 3d ed. 2003). The court need not, however, accept unwarranted factual inferences. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). To survive a motion to dismiss, the complaint must present "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).

*Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). The Supreme Court of the United States has further stated that:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) (internal citations omitted).

III.

Under § 523(a)(6) of the Bankruptcy Code, a debt arising from "willful and malicious injury by the debtor to another entity or to the property of another entity" is nondischargeable. 11 U.S.C. § 523(a)(6). With respect to the first requirement of "willful," the Supreme Court has instructed that "nondischargeability takes a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." *See Kawaauhau v. Geiger*, 523 U.S. 57, 61, 118 S. Ct. 974 (1998) (emphasis in original). "[U]nless 'the actor desires to cause the consequences of his act, or believes that the consequences are substantially certain to result from it,' he has not committed a 'willful and malicious injury' as defined under § 523(a)(6)." *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 464 (6th Cir.1999) (citation omitted).

As to the additional requirement that the injury be malicious, the Sixth Circuit has advised that "'[m]alicious' means in conscious disregard of one's duties or without just cause or excuse; it does not require ill-will or specific intent to do harm." *Wheeler v. Laudani*, 783 F.2d 610, 615 (6th Cir. 1986) (citations omitted). Stated differently, "[t]here must also be a consciousness of wrongdoing. It is this knowledge of wrongdoing, not the wrongfulness of the debtor's actions, that is the key to malicious under § 523(a)(6)." *ABF, Inc. v. Russell (In re Russell)*, 262 B.R. 449, 455 (Bankr. N.D. Ind. 2001) (citations omitted).

Applying this criteria to the complaint in the present case, the debtor is correct that the complaint fails to make any allegation of willful injury, i.e., that he intended to injure the plaintiff or believed that injury was substantially certain to result from his conduct. *See Heredia v. Enriguez (In re Enriguez)*, 506 B.R. 114, 120-21 (Bankr. E.D. Cal. 2014) (to survive a motion to dismiss, a plaintiff must plead a plausible showing that the debtor intended or knew with substantial certainty that his dogs would physically attack and injure someone). While the complaint does allege that the debtor was "willful, wanton, and reckless in his acts" and that his conduct was the proximate cause of the plaintiff's injuries, such allegations are legally insufficient to state a claim under § 523(a)(6). As set forth previously, "nondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." *See Geiger,* 523 U.S. at 61. Similarly insufficient for nondischargeability purposes are the allegations that the debtor harbored and created a dangerous condition by owning a pit bulldog, and by failing to confine and secure the dog. Negligence, even gross negligence or recklessness, will not suffice to state a § 523(a)(6) claim. *See, e.g., Duncan v. Duncan (In re Duncan)*, 448 F.2d 725, 729 (4th Cir. 2006) ("Section 523(a)(6) is not satisfied by negligent, grossly negligent or reckless conduct.") (citing *Geiger*, 523 U.S. at 62-64).

The plaintiff does allege generally that the debtor failed to take protective measures even after he knew of the dog's prior behavior, which, according to the plaintiff, placed the debtor or a reasonable person on notice of the dog's dangerous and violent nature and the likelihood of resulting injury. However, the dog's prior behavior is not described, and thus there is insufficient factual content from which the court can draw a reasonable inference that injury was "substantially certain to result." *See In re Enriguez*, 506 B.R. at 120 (dismissing § 523(a)(6) cause of action for failure to state a claim where allegation that pit bulldog had menaced and charged neighbors was

insufficient to state plausible claim of substantial certainty where dog had never been declared as dangerous, had never physically attacked anyone, and had never previously entered another's backyard); *Jones v. Holmes (In re Holmes)*, No. 11-00391, 2012 WL 2359909, at *4 (Bankr. N.D. Ala. June 21, 2012) (noting that "'possibly' and 'substantially certain' are not the same" concerning debtor's knowledge that three dogs could possibly run through the back door and attack someone as they had on at least one prior occasion); *cf. Zauper v. Lababit (In re Lababit)*, No. 07-01227, 2009 WL 7751426, at *5 (B.A.P. 9th Cir. Oct. 8, 2009) (panel concluding that prior declaration by city animal control of debtor's dog as a potentially dangerous animal, evidence that dog had been trained to fight, dog's propensity for aggression, and fact that dog had previously killed at least one other cat, along with debtor's intentional and repeated breach of duties to confine, muzzle, or leash the dog and post warning signs, was sufficient to demonstrate that debtor knew that injury was substantially certain to result for § 523(a)(6) purposes).

In addition to the absence of sufficient allegations regarding willfulness, the complaint fails to allege that the injury in question was malicious, i.e., that the debtor acted without just cause or excuse, or that he was conscious of wrongdoing. Accordingly, the complaint in this case does not state a claim for willful and malicious injury under § 523(a)(6).

IV.

An order granting the debtor's motion to dismiss the plaintiff's § 523(a)(6) cause of action will be entered in accordance with this memorandum opinion.

# # #